## LEVI JACOBS v. STATE.

156 So. 488.
Division B.
Opinion Filed September 13, 1934.

L. B. *Newman,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case the plaintiff in error was indicted, tried and convicted for murder in the first degree without recommendation to mercy.

We can not conceive how a stronger case of murder in

the first degree could be presented to a court or to a jury than is presented in this case.

It is contended by counsel that the judgment should be reversed, first, because of some illegality which is not shown by the record in connection with the impaneling of the grand jury. There was no plea in abatement. Therefore, if there was any irregularity it is not presented to this Court for consideration.

Another ground contended for is that the case should be reversed because the State Attorney, while arguing the case, said (referring to the defendant):

"A man that would do that would kill a white man for $10.00."

The record shows that counsel for defense objected to the statement without stating any grounds of objection. The court then said:

"Counsel will confine their argument to the testimony and reasonable deductions to be drawn therefrom. The jury are the sole judges of what has been testified to and the weight and credence to be given it. You will proceed."

No exception noted.

The record also shows the following statement was made by the State Attorney during the argument:

"That may happen if this man is sent to Raiford. He may escape, etc."

Thereupon, counsel for defense stated:

"Counsel for defense objects to this line of argument on the ground that it presupposes something not based on the evidence in this case and I ask the Court to instruct counsel not to use this line of argument."

Thereupon, the court said:

"Please confine your argument to the testimony and reasonable deductions that may be drawn therefrom. I believe there is nothing in the evidence about that."

No exception noted.

The record discloses no material error. The judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.